UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL SLEVA,

*Plaintiff,*

*v.* Case No. 1:26-cv-2041

BROWN COUNTY AND JUSTIN A. MUELLER,

*Defendants.*

---

**COMPLAINT**

---

Plaintiff Michael Sleva, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants Brown County and Justin A. Mueller, states:

**INTRODUCTION**

1. Michael Sleva brings this civil rights lawsuit under 42 U.S.C. § 1983 for violations of his Fourth Amendment right to be free from unreasonable searches and seizures.

2. Sleva took a photograph of a neighbor's car parked in a no-parking spot at his apartment complex so he could report the recurring problem to management. The neighbor called the police.

3. Brown County Sheriff's Deputy Justin A. Mueller responded to Sleva's home. Mueller acknowledged, on camera, that Sleva had committed no crime. Mueller then entered Sleva's home without a warrant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and over the state-law indemnification claim under 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391(b)(1)–(2). Defendant Brown County is a political subdivision of the State of Wisconsin located within this judicial district, and, upon information and belief, Defendant Mueller resides within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Michael Sleva is an adult resident of Brown County, Wisconsin.

7. Defendant Brown County is a political subdivision of the State of Wisconsin and is or was the employer of Mueller. Brown County is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

8. At all relevant times, Defendant Justin A. Mueller was employed as a deputy with the Brown County Sheriff's Office.

9. At all relevant times, Mueller acted within the scope of his employment with Brown County.

10. At all relevant times, Mueller acted under color of state and local law.

## FACTS

11. On October 14, 2026, Michael Sleva lived in an apartment complex in Brown County, Wisconsin.

12. That day, a neighbor parked his car in a spot at the complex that was marked as a no-parking area.

13. The neighbor had parked there many times before.

14. Sleva took a photograph of the neighbor's parked car to document that the problem was ongoing.

15. The neighbor called the police on Sleva.

16. Deputy Mueller responded to Sleva's apartment.

17. Sleva was outside his apartment when Mueller arrived.

18. Sleva recorded his encounter with Mueller on video.

19. During the encounter, Mueller stated that Sleva had not committed a crime.

20. Sleva had not committed a crime.

21. Mueller had no warrant to arrest Sleva, to enter Sleva's home, or to search it.

22. Sleva did not consent to Mueller entering his home.

23. No emergency or other exigent circumstance justified Mueller entering Sleva's home.

24. Mueller nonetheless entered Sleva's home.

25. Sleva told Mueller that he could not come in.

26. Mueller backed up and exited Sleva's home, but Mueller kept his foot inside Sleva's home, preventing the door from being closed.

27. Mueller did not arrest Sleva.

28. Mueller did not cite Sleva for any offense.

29. As a result of Mueller's conduct, Sleva suffered emotional distress and humiliation.

## COUNT 1
## 42 U.S.C. § 1983 Claim for Illegal Home Entry

30. Plaintiff realleges the above paragraphs.

31. The home is the most protected space under the Fourth Amendment, and a warrantless entry into a home is presumptively unreasonable.

32. Mueller entered Sleva's home and, after backing out, kept his foot inside the home so that the door could not be closed.

33. Mueller lacked a warrant, consent, exigent circumstances, or any other lawful basis to enter Sleva's home.

34. Mueller's unreasonable entry into Sleva's home violated Sleva's Fourth Amendment rights.

35. Mueller acted under color of state and local law.

36. As a direct and proximate result of Mueller's unlawful actions, Sleva suffered damages, including loss of liberty, emotional distress, humiliation, invasion of privacy, and physical pain and suffering.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Mueller and, because he acted in reckless or callous

indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 2**
**Indemnification Claim Against Brown County**

37. Plaintiff realleges the above paragraphs.

38. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

39. At all relevant times, Mueller engaged in the conduct complained of while he was on duty and in the course and scope of his employment with Brown County.

WHEREFORE, Plaintiff asks this Court to find that Brown County is liable to satisfy any judgment entered against Mueller, by virtue of WIS. STAT. § 895.46.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury, under FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: November 2, 2026

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
Jacob M. Stroup
Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC

613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jacob@StrangBradley.com